United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MICHAEL RILEY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>AMAZON.COM SERVICES LLC, et al.,<br><br>　　　　　Defendants. | Case No. 5:25-cv-07204-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[Re: ECF No. 11] |

Before the Court is Plaintiff Michael Riley's motion to remand for lack of diversity jurisdiction. ECF No. 11 ("Mot."); *see also* ECF No. 13 ("Reply"). Defendant Amazon.com Services LLC ("Amazon") opposes the motion. *See* ECF No. 12 ("Opp."). The motion is suitable for resolution without oral argument; the Court VACATES the hearing set for January 29, 2026. *See* Civ. L.R. 7-1(b).

For the reasons below, the motion is GRANTED.

**I.　BACKGROUND**

Mr. Riley filed a complaint in Santa Clara County Superior Court for product liability and negligence on August 5, 2025. ECF No. 1-1 ("Compl."). The complaint alleges damages consisting of past and future medical expenses, wage loss, loss of earning capacity, household services, incidental expenses, and pain and suffering. *Id.* ¶ 11. Amazon removed the case to the U.S. District Court for the Northern District of California on August 26, 2025. *See* ECF No. 1.

**II.　LEGAL STANDARD**

If a federal court has subject matter jurisdiction over a civil case filed in state court, the suit may be removed to federal court by the defendant. 28 U.S.C. § 1441(a). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction."

*Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). Diversity jurisdiction exists when the suit is between "citizen of different States" and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests or costs." 28 U.S.C. § 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c).

The removal statute "is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Limon-Gonzalez v. Kia Motors Am., Inc.*, No. 20-cv-4381-PA-JPRX, 2020 WL 3790838, at *1 (C.D. Cal. July 7, 2020). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). For removals based on diversity jurisdiction, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). The Court may look to the complaint, notice of removal, "as well as summary-judgment-type evidence relevant to the amount in controversy." *Id.* The Court uses "judicial experience and common sense" to evaluate whether Amazon has shown that it is more likely than not that the amount in controversy exceeds $75,000. *Oh v. Navient Solutions, LLC*, No. 25-cv-6415-PA-SKX, 2025 WL 2495536, at *2 (C.D. Cal. Aug. 29, 2025).

### III. DISCUSSION

#### A. Procedural Defect

Mr. Riley first argues that remand is required under 28 U.S.C. § 1447(c) because the Notice of Removal "erroneously states that Plaintiff is seeking punitive damages," which he characterizes as a "material misstatement" of his complaint. Mot. at 4. 28 U.S.C. § 1447(c) provides that a motion to remand the case "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." The "defect" referred to by this provision is a procedural defect. *See, e.g.*, *Lively v. Wild Oats Markets,*

*Inc.*, 456 F.3d 933, 935 (9th Cir. 2006).

Even assuming that Mr. Riley is correct that the Notice of Removal incorrectly represented that he was seeking punitive damages, Mr. Riley has not provided any authority for the proposition that such a mistake is the type of defect justifying remand. Relatedly, Mr. Riley argues that the Notice of Removal is defective because it "improperly relies on legal authorities" from the Central District of California and the Court of Appeals for the Fifth Circuit. Mot. at 4–5. Citation to these cases as persuasive authority is not a defect warranting removal.

### B. Amount in Controversy

Mr. Riley also argues that Amazon has failed to prove by a preponderance of evidence that the amount in controversy in this case is likely to exceed $75,000. Mot. at 6. Amazon responds that "Plaintiff offers no evidence whatsoever that his damages fall below that threshold." Opp. at 1. To the extent that Amazon suggests that it is Mr. Riley's burden to demonstrate that the damages in his own case are likely to be less than $75,000, it is mistaken. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The issue before the Court is whether Amazon, not Mr. Riley, has demonstrated by preponderant evidence that the amount in controversy is more likely than not to exceed $75,000. The Court agrees with Mr. Riley that Amazon has not met this burden.

Amazon first argues that the complaint alleges damages that "plainly exceed" the amount-in-controversy requirement because Mr. Riley checked each category of damages in his state court complaint. Opp. at 4. According to Amazon, "[t]hese categories of damages, which include both past and future losses, by themselves establish that the amount in controversy more likely than not exceeds $75,000." The Court disagrees. Amazon does not discharge its burden of satisfying the amount-in-controversy requirement merely by identifying that Mr. Riley's damages belong to the same category as the damages pleaded in other cases. Amazon's references to cases such as *Hammarlund v. C.R. Bard, Inc.*, No. 15-5506-SVW-JEM, 2015 WL 5826780 (C.D. Cal. Oct. 2, 2015), and *Black v. Monster Beverage Corp.*, No. 15-cv-2203-MWF-DTB, 2016 WL 81474 (C.D. Cal. Jan. 7, 2016), *see* Opp. at 4, are inapposite. In those cases, the district court found that the complaint's allegations of "a recurred umbilical hernia, small bowel obstruction, kidney

3

1   damage, required surgery, permanent scarring, a four-day hospital stay, [and] 'severe and
2   permanent bodily injuries,'" *Hammarlund*, 2015 WL 5826780, at *2, and "serious and permanent
3   physical injury" *Black*, 2016 WL 81474, at *2 (internal quotation marks omitted) arising from
4   cardiac arrest made it more likely than not than the amount-in-controversy requirement was
5   satisfied. In contrast, the complaint here merely alleges that Mr. Riley was seriously injured. *See*
6   Compl. at 4.

7        Amazon next argues that Mr. Riley's counsel's characterization of Mr. Riley's injuries as
8   "life-altering" and his references to Mr. Riley's deep lacerations to both arms and significant
9   medical treatment in pre-suit letter demonstrates that the amount in controversy is likely to exceed
10  $75,000. Opp. at 5. The Court disagrees. The Court does not find it surprising that Mr. Riley's
11  counsel would characterize his client's injuries as "life-altering" in a letter to Defendants and does
12  not find that creates a sufficient probability that the amount-in-controversy requirement has been
13  satisfied. Amazon's citation to *Cohn v. PetSmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002), is
14  unavailing because in that case, the plaintiff made a specific settlement demand of $100,000.00
15  and did not disavow it. Moreover, as Mr. Riley points out that, while the images in the pre-suit
16  letter depicted him in a graphic state and in a neck brace, his medical bill for hospitalization
17  amounted to only $12,201.53. Declaration of Neer Lerner ("Lerner Decl.") ¶ 4, ECF No. 13-1;
18  *see also id.* Ex. A.[1] Mr. Riley's medical bill also confirms that he was admitted to and discharged
19  from the hospital on the same day. *See id.* The evidence in the record does not suggest that it is
20  more likely than not that the amount-in-controversy requirement has been met, regardless of how
21  Mr. Riley's counsel described his client's injuries to Amazon.

22       Finally, Amazon argues that, after learning of Mr. Riley's intent to seek remand, Amazon
23  offered to stipulate to remand if he was willing to stipulate to a $75,000 cap on damages, exclusive

---

[1] Amazon filed an objection to Mr. Riley's reply brief, requesting that the Court strike his medical bill as untimely. ECF No. 14. The Court instead authorized Amazon to file a sur-reply by November 20, 2025, advising them that "the Court will deem failure to file a sur-reply as a withdrawal of the objection." ECF No. 15. Amazon having failed to file a sur-reply, the Court deems the objection withdrawn. The objection is moot in any case, since the Court's conclusion does not depend on any material attached to Mr. Riley's reply brief—Amazon is reminded that the burden of production as to the Court's jurisdiction is on them, not Mr. Riley.

of interest and costs, which he declined.  Declaration of Aaron R. Goldstein ("Goldstein Decl.") ¶ 4, Ex. B, ECF No. 12-1.  Amazon suggests that Mr. Riley's response shows that the amount in controversy exceeds $75,000.  Opp. at 6.  As an initial matter, Mr. Riley disputes that he refused to sign a stipulation.  Lerner Decl. ¶ 2 ("I have not refused or declined to sign a stipulation, but advised Amazon's counsel . . . that because Plaintiff's medical bills for hospitalization were minimal . . . I did not yet have an answer on his request to stipulate.").  In any event, even if Mr. Riley did refuse to stipulate, this would not conclusively establish that the actual amount in controversy exceeds $75,000.  *See, e.g.*, *Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998).

**IV.     ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Mr. Riley's motion to remand is GRANTED.

(2) The case is REMANDED to the Santa Clara County Superior Court.

Dated:  November 21, 2025

_____
BETH LABSON FREEMAN
United States District Judge